Adam Jacoby and Samuel F. Jacoby, trading and doing business as Adam Jacoby and Brother, *v.* The Providence Washington Insurance Company of Providence, R. I., Appellant.

*Practice, C. P.—Denial by affidavit of material averments, under rule of court—Evidence.*

Where a rule of court exists which requires that essential averments of facts set forth in plaintiff's statement shall either be denied by affidavit or taken as admitted, the issue is defined by the pleadings and defendant, .on the trial of the case, must confine his evidence to the issue raised by them. The rule of court gives to every undenied material averment the force of an admission.

The statement and affidavit may be offered in evidence by the plaintiff in proof of his case and the defendant's evidence will be confined to such points as he may have denied in his affidavit.

Under the facts of this case the court refused to impose the penalty provided by the 21st section of the Act of May 19, 1897, P. L. 67, intended for those who sue out an appeal merely for delay.

Argued March 21, 1899.   Appeal, No. 17, March T., 1899, by defendant, from judgment of C. P. York Co., Oct. T., 1897, No. 19, on verdict for plaintiff.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Affirmed.   Opinion by BEEBER, J.

Assumpsit on policy of fire insurance for $500.

For facts of the case, see next preceding case, supra, p. 171.

Upon the trial in the court below, the plaintiffs offered in evidence the specific averments of fact filed by the plaintiffs under a rule of court, which provided that such specific facts so averred as were not denied by the defendant, should be taken as admitted at the trial.   They also offered in evidence the affidavit of defense filed, which the court admitted, to show the plaintiffs' right to recover in the case because of its insufficiency. Defendant denied that the papers showed any such admission as entitled the plaintiffs to recover, and especially that the specific averments of fact were too indefinite to require a more specific answer from the defendant than was filed.

It was also contended by the defendant "that the policy in suit was avoided under its express terms by the false statement of the plaintiffs contained in the proofs of loss, that there were no incumbrances upon the property insured, whereas in truth and in fact, as the record shows, and the plaintiffs admitted, there were two judgment liens upon the premises, when the insurance was effected, and when the proofs of loss were made out by the plaintiffs, amounting in all to the sum of $4,500." The court below, however, held that this was not a good defense; that the incumbrances provided against in the policy, were against personal property, viz: chattel mortgages, and that the misstatement in the plaintiffs' proofs of loss could not, therefore, affect their right to recover.   Other assignments of error are based upon the admission and rejection of certain offers of evidence.

Defendant submitted certain points, which points with the answers thereto were as follows:

[1. Under the terms and conditions of the policy in suit, the making of an adjustment and estimate of the loss by the insured and a representative of the company, as set forth in paragraph four of specific averments of fact, did not, in itself, amount to a waiver of the requirement in the policy that full proofs of

loss as therein set forth and required, satisfactory to the company, should be made and delivered to the company at least sixty days before bringing of suit upon the policy. *Answer:* We answer this point as follows: The statements contained in this point are affirmed. We think, however, the company has waived any defense raised by the point by not denying in this answer the furnishing to it of proof of loss mentioned in the specific averment of facts as therein contained.] [1]

[2. The proofs of loss furnished by the assured to the company must contain all the material facts, statements and descriptions called for in the policy; otherwise they are insufficient to fulfil the terms of the contract, or entitle the plaintiffs to recover; unless there shall have been a waiver of said requirements in writing by the company, or by an agent duly authorized in writing so to do, as stipulated for in the contract of insurance; and as this does not appear from the evidence in the case, the plaintiffs are not entitled to recover. *Answer:* We answer this point as follows: The proof of loss mentioned in the point must be furnished unless the same is waived by the company. Defendant has not denied in his reply to the specific averment of facts that such proof of loss was furnished by the plaintiffs. That appears as an admission therefore, in this case.] [2]

[3. The facts alleged in paragraph four of the plaintiffs' specific averments of fact, viz: that an agent of the defendant's company on June 23, 1897, with the agents of other companies, adjusted and ascertained the whole loss of plaintiffs to be $14,416.23 and the defendant's share thereof to be one thirty second of the same, viz: $450.51, does not conclude the defendant or prevent it from objecting to the insufficiency of the proofs of loss. *Answer:* We answer this point as follows: This point is refused. The company is concluded by its admissions in its affidavit of defense and reply to plaintiffs' specific averments of facts.] [3]

[4. That the alleged adjustment and ascertainment of the amount of plaintiffs' loss on the 23d day of June, 1897, by the alleged agent of the defendant company with agents of other companies and the ascertainment of the proportion thereof payable by this defendant, was not a waiver, in itself, of the condition of the policy requiring written proofs of loss satisfactory to the company, to be furnished to it sixty days previous to

the bringing of a suit on the policy, and if the alleged proofs of loss were, in any material matter, insufficient, incomplete, and not as required by the conditions of the policy, then the plaintiffs have failed to comply with a condition precedent to their right to bring suit and are not entitled to recover in this case, without proving to the satisfaction of the jury, that said condition of the policy was waived in writing by a duly authorized representative of the company, and there being no evidence in the case that at the time of the execution of the proofs of loss or at any subsequent time, any such waiver was had by plaintiffs from defendant, they cannot recover in this case. *Answer:* We answer this point as follows: The plaintiffs are not relying on a waiver, as mentioned in the point, but the admission by the defendant of proper proof of loss furnished to the company; and that having demanded no further or more satisfactory proof of loss from the plaintiffs, the corporation defendant is concluded.] [4]

[5. Upon the law and the facts, as proven in this case, the verdict of the jury should be for the defendant. *Answer:* We answer this point as follows: This point is refused.    We have already said that we think the plaintiffs are entitled to recover upon the admissions in this case.    We deem the admissions in this case, in the matter submitted to the court in the pleadings as being sufficient to entitle the plaintiffs to recover, and have directed a verdict for the plaintiffs for the sum already stated. The jury will therefore render a verdict for that sum.] [5]

The court charged the jury in part as follows:

[The pleadings in this case, as I said before, show these admissions, in the judgment of the court making out a case for the plaintiffs : That a specific averment of facts was served upon the defendant setting forth substantially the facts which I have mentioned, the insurance, and loss of the buildings and contents by fire, and the meeting of the agents of the companies, and the adjustment of the loss.    Those facts, as admitted, in the opinion of the court, are sufficient for the plaintiffs to recover, without any further proof on their part.    Therefore what stand as admissions in this case entitle the plaintiffs to recover this sum of money; and the verdict of the jury will be for the plaintiffs in this case, against the defendant, for the sum of

$450.51, with interest from June 23, 1897, amounting to $18.94, and the whole amounting to $468.99.] [6]

Verdict and judgment for plaintiffs for $468.99.    Defendant appealed.

*Errors assigned* among others were (1–5) answers to defendant's points, reciting points and answers.   (6) To portion of the general charge, reciting same.   The other assignments were to the rejection of offers of evidence by defendant of certain proofs of loss, furnished by plaintiffs, for the purpose of showing that no proofs of loss were furnished as alleged in plaintiffs' averments of facts, but that they were furnished on a subsequent date; also to offers by defendant to prove that there were incumbrances on the real estate covered by the policy which were not set forth in the proofs of loss as required by the terms of the policy on which suit was brought.

*Nevin M. Wanner*, for appellant.—Though the court has the power to make rules regulating its practice, they should not be enforced so rigidly as to work injustice or hardship: Sterling v. Richey, 17 S. & R. 263; Magill's Appeal, 59 Pa. 430; Honeywell v. McGuire, 5 Kulp, 513; Lewis v. Keck, 2 Northamp. 345.

The Supreme Court will review a case where the rules of the court below are not properly administered.   When the rights of parties rest upon the observance of court rules and orders, as they do in this case, there is every reason why the court below should be held to a careful construction of its rules: Schrimpton v. Bertolet, 155 Pa. 638 ; Brennan's Est., 65 Pa. 16.

*H. C. Niles*, of *Niles & Neff*, with him *Horace Keesey*, for appellees.—The appellant acknowledges in his history of the case. that nineteen insurance companies concerted in contesting plaintiffs' right to indemnity on the ground of fraud and because, as alleged, the plaintiffs themselves set fire to the property insured. This battle was brought to a finish in the case against the Westchester Company and resulted in a verdict for the plaintiffs.

This appellant and eight others of the companies while abandoning the only defense set up in their affidavits of defense nevertheless have for more than a year postponed and harassed the plaintiffs and are in this court setting up baseless technicalities in denial of their own sworn admissions.

The small penalty provided by the act of 1897 would be appropriately imposed upon all these appellants.

OPINION BY BEEBER, J., April 17, 1899:

On September 13, 1897, suit was brought to recover a certain amount due as the loss payable by the defendant under its policy of insurance issued to the plaintiffs. On the next day a declaration and a separate specific averment of facts were filed and both served on the defendant's counsel of record some time before the 22d day of September. This separate specific averment of facts was filed in compliance with the rule of the court in which the case was tried, which is as follows: "If the plaintiff shall file with his declaration or statement, separate and apart from his declaration or statement, a specific averment of facts sufficient to support his claims, verified by affidavit, and serve a copy thereof on the defendant or his counsel of record, such items of claim and material averments of facts as are not denied by the defendant, by affidavit filed with or before plea pleaded, shall be taken as admitted." Among the other material averments of fact found in the plaintiff's specific averment was the following: "On the 23d day of June, 1897, the notice required had been given to the defendant, the ascertainment and estimate had been made by the defendant's duly authorized agents, and satisfactory proofs of loss had been received by the defendant, and all things had been done and performed by and on behalf of the plaintiffs as required by said policy."

On the 4th day of October, defendant filed its affidavit of defense, which was also its affidavit of denial as required by the above rule, in which it set forth two grounds of defense, first, that plaintiffs had set fire to the insured property, and, second, that defendant was induced to make the adjustment and fix the amount payable by it by the false and fraudulent returns of plaintiffs as to the value of the property insured. There was no denial of any of the other material averments of the plaintiffs.

For the purpose of proving their case the plaintiffs offered in evidence their declaration and specific averment of facts and the affidavit of defense, which was objected to by the defendant. The court admitted the papers whereupon plaintiffs rested. Defendant then offered in evidence certain proofs of loss fur-

nished it by plaintiffs for the purpose of showing that no proofs of loss were furnished as alleged in plaintiff's averment of facts on the 23d day of June, 1897 ; but that they were furnished on a subsequent date ; that they were not such proofs of loss as are required by the policy and that they do not refer to the policy on which suit is brought. It also offered to prove that there were incumbrances on the real estate covered by the policy which were not set forth in the proofs of loss as required by the terms of the policy on which suit is brought. Upon objection by plaintiffs these offers were overruled. As the defendant offered no evidence to sustain either one of the defenses which the pleadings raised the court directed a verdict for the plaintiff upon the ground that the pleadings contained sufficient admissions to entitle plaintiffs to recover without further proof.

The twelve assignments of error need not be noticed seriatim, as they all practically raise only one question, which is whether the court erred in refusing to allow the defendant to put in evidence the proofs of loss for the purposes for which they were offered. It is plain to us that the pleadings put at issue only the two questions which we have mentioned already. The plaintiffs had stated in their averment that on the 23d day of June satisfactory proofs of loss had been received by the defendant. The defendant must have known when it made its affidavit of defense whether the proofs of loss were satisfactory or not, for it is admitted that they were received on the 24th day of June, and defendant did not file its affidavit of defense until the 4th day of October. It had all this time to satisfy itself whether the proofs of loss were satisfactory or not. When confronted with the blunt averment that it had received satisfactory proofs of loss, it ought to have denied it if it were not so, and especially so when it knew that the rule of court would give every undenied material averment the force of an admission. Not denying it the plaintiffs were bound to assume it was admitted and therefore they would conclude they were not required to prove it. The same is true as to the false or mistaken statement in the proofs of loss in reference to the incumbrances. If there were incumbrances not mentioned in the proofs the defendant had another reason to object to them, and if it had done so on this ground, the plaintiffs would at least have had an opportunity to show, if they could, that the omission was due to over-

sight, or accident or that it was innocently although mistakenly made and not for a fraudulent purpose. To put any other construction on this rule of court would make it a pitfall into which unsuspecting parties, entirely able to prove every material fact of their case if called upon to do so, but not prepared to do so because not called upon, might fall.

This rule of court when properly enforced is well calculated to prevent the waste of the public time and to relieve litigants from unnecessary burdens. Every defendant in that court has an opportunity to raise any defense that the facts will warrant. He is at liberty to call on the plaintiff to prove any material fact which he can deny by affidavit and it is to the advantage of every one that this should be done. The issue is then reduced to the narrowest possible compass and each party knows in advance what must be proved. We are satisfied that the court below properly enforced this rule and therefore the assignments of error are overruled.

We cannot persuade ourselves that this is a proper case to impose upon the appellant the penalty provided by the 21st section of the Act of May 19, 1897, P. L. 67, intended for those who sue out an appeal merely for delay. The appellant was one of nineteen companies who resisted payment on account of considerable evidence which can honestly be said to tend to show that plaintiffs set fire to the insured property. The case of Jacoby v. West Chester Fire Ins. Co., decided at this term, was one where this issue was tried. It is true that trial resulted in a verdict in favor of the plaintiffs, but the evidence in that case and the rulings of the court during the trial were such that an appeal to this court was entirely consistent with good faith. As we do not think it would be proper to impose the penalty in that case we do not see any reason why we should subject the present appellant to any different treatment.

Judgment affirmed.